**SO ORDERED.**

**SIGNED this 31 day of December, 2008.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

DESIGNATED FOR ON-LINE; NOT DESIGNATED FOR PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

JULIE SUE MILLER and
CRAIG DAVID MILLER,

DEBTORS.

CASE NO. 07-22927
CHAPTER 13

### MEMORANDUM OPINION AND ORDER
### SUSTAINING TRUSTEE'S OBJECTION TO CONFIRMATION ON ISSUE OF
### DEBT EXPENSE WHEN COLLATERAL IS SURRENDERED POSTPETITION

The matter under advisement is the Chapter 13 Trustee's objection to confirmation of Debtors' Chapter 13 plan based upon the assertion that the computation of projected disposable income may not include secured debt expense listed on Form B22C when the plan provides for surrender of the collateral securing that debt. The Chapter 13 Trustee, W. H. Griffin (hereafter

Trustee), appears pro se Debtors, Julie Sue Miller and Craig David Miller (hereafter Debtors), appear by Jonathan C. Becker. There are no other appearances. The Court has jurisdiction.[1]

**FINDINGS OF FACT.**

The findings of fact are based upon a joint stipulation of facts[2] and the pleadings. Prepetition Debtors were the sole stockholders, officers, and directors of Miller Time, Inc., a subchapter S corporation formed on or about March 8, 2004. In 2004, Miller Time obtained a SBA loan through Douglas County Bank. The loan was secured by the assets of Miller Time. The Debtors signed the bank note in their individual capacities, as well as on behalf of Miller Time. Miller Time was dissolved on December 14, 2008.

Debtors filed for relief under Chapter 13 on December 27, 2007. On Schedule D, Creditors Holding Secured Claims, Douglas County Bank is shown having a claim of $150,000 secured by remaining assets of Miller Time having a value of $25,000, leaving $125,000 as the unsecured portion. Form 22C shows that Debtors have above median income. On Form 22C debtors deducted at Subpart C, line 47a, $2,246.34 as the monthly payment on the secured debt owed to Douglas County Bank. However, in their proposed Chapter 13 plan, Douglas County Bank is not included in the list of secured creditors, and the plan provides that the remaining personal property of Miller Time will be surrendered to Douglas Country Bank. According to

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Matters relating to confirmation of plans are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(L).

[2] Doc. 59.

the stipulation, "The bank has executed set off on its loan as to the business assets of Miller Time, Inc. and after post-petition set off, there remains an general unsecured balance due and owing of $86,788.03."[3]

The Chapter 13 Trustee objected to confirmation of Debtors' proposed plan as follows:

> PER THE TRUSTEE'S MEANS TEST VERIFICATION, DEBTORS HAVE EXCESS DISPOSABLE INCOME OF $19,363.80 OVER THE LIFE OF THE PLAN THAT SHOULD BE AVAILABLE FOR PAYMENT TO GU CREDITORS. PLAN PAYMENT WOULD NEED TO INCREASE FROM THE PROPOSED $708.71/MO TO $1,007/MO TO COMPLETE IN 60 MONTHS. DEBTORS MEANS TEST RESULTED IN NEGATIVE POOL BECAUSE DEBT PAYMENT DEDUCTIONS WERE TAKEN FOR SURRENDERED COLLATERAL.[4]

**POSITIONS OF THE PARTIES** .

At a status conference, the Court set deadlines for the filing of stipulated facts and briefs. The stipulated facts were filed, but they are limited to the obligation to Douglas County Bank. Debtors filed a short brief, asserting that the amount reasonably necessary to be expended, for purposes of § 1325(b)(3), are to be determined under §§ 707(b)(2)(A) and (B) as of the date of filing, or, alternatively, if Form B22C[5] is the starting point under the rule of *In re Lanning*,[6]

---

[3] Doc. 59.

[4] Doc. 34.

[5] The Form 22C filed by Debtors was formerly denoted as Form B22C and is referred to by this name in the cases relied upon in this memorandum. For convenience, the Court uses the former name in its discussion.

[6] *In re Lanning*, 380 B.R. 17 (10th Cir. BAP 2007). The panel's decision in *Lanning* was affirmed after this case was taken under advisement. *Hamilton v. Lanning (In re Lanning)*, 545 F.3d 1269 (10th Cir. 2008).

3

Debtors reserve the right to present evidence addressing projected disposable income. The Trustee filed no brief.

**ISSUE PRESENTED AND ANALYSIS.**

Based upon the stipulated facts and the Debtors' brief, which address only the Douglas County Bank debt, as well as the failure of the Trustee to file a brief in support of any objection other than that addressed by Debtors, the Court understands that the only issue under advisement is whether, for purposes of the best efforts test when the Trustee objects to confirmation under § 1325(b)(1)(B), a debtor may include in the expense portion of the calculation of projected disposable income, payment to a secured creditor included on Form B22C when the plan proposes to surrender the collateral to the creditor and treat the deficiency as an unsecured claim.

Section 1325(b)(1)(B) provides that when the Trustee or an unsecured creditor objects to confirmation of a plan which proposes to make less than payment in full of such claim, the plan may not be confirmed unless it provides that all of the debtor's "projected disposable income" to be received during the term of the plan will be applied to make payments to unsecured creditors. This Court in *In re Melvin*,[7] thoroughly examined the calculation of "projected disposable income" for purposes of a § 1325(b)(1) objection to confirmation. It concluded that the opinion of the Tenth Circuit Court of Appeals in Lanning, that holds for above median income debtors Form B22C is only the starting point in the calculation of projected disposable income, is applicable to both income and expense components of the calculation. Accordingly, when there is an objection to confirmation under §1325(b)(1), a substantial change in circumstances,

---

[7] *In re Melvin*, Memorandum Opinion (Bankr. D. Kan, no. 7-22352, filed December 22, 2008).

4

properly documented, may justify deviation from the expenses used in the Form B22C calculation of monthly disposable income.

The Court finds that surrender of all of the collateral securing a debt, the payments for which were included on Form B22C in the category of "Future payments on secured claims," is a substantial change in circumstances which justifies removing this expense from the calculation of "projected disposable income." *In re Edmunds*,[8] reached a similar conclusion. It held that "Debtors may only take a deduction [from income for secured debt expense] to the extent Debtors are treating those creditors as secured creditors scheduled for payment by Debtors in their chapter 13 plans."[9] This Court agrees.

Chief Judge Nugent, in *Hoss*[10] decided a similar issue.[11] The Chapter 13 trustee objected to confirmation of debtors' Chapter 13 plans because they proposed to deduct on Form B22C, (which, without objection, the court used to determine "projected disposable income") as expenses the secured debt payments under the respective prepetition contracts, even though the plans projected to cram-down or stip off liens, thereby reducing the amount of secured debt to be paid under the plans. The court held that "above median income chapter 13 debtors who intend to retain collateral may only deduct as § 707(b)(2)(A)(iii) secured debt payment on Line 47 of

---

[8] *In re Edmunds*, 350 B.R. 636 (Bankr. D.S.C. 2006).

[9] *Id.*, 350 B.R. at 645.

[10] *In re Hoss*, No. 08-10365 and *In re Arroyo*, No. 07-12779 (Bankr. D. Kan. Aug. 20, 2008).

[11] Comparison of *Hoss* with this case and with this Court's opinion in *Melvin* presents the question of the extent to which changes in the debtor's circumstance after the filing should be reflected in Form B22C, as opposed to the calculation of "projected disposable income," using Form B22C as a staring point and evaluating the parties' evidence of special circumstances supporting a deviation from Form B22C. The answer to this question will await resolution on a future date.

5

Form B22C the amounts the secured creditors will be paid under the plan as opposed to what the secured creditors' original contracts provided."[12] The projected plan payments on account of secured debt, not the prepetition contractual amount, determined the expenses that could be deducted when determining compliance with the best efforts test of § 1325(b)(1)(B).

**CONCLUSION.**

The Trustee's objection to Debtors' plan based upon Form B22C's inclusion of payment on the Douglas County Bank secured claim as an item of expense when calculating projected disposable income is sustained. Debtors may file an amended plan reflecting resolution of the issue addressed and will have the opportunity to show substantial change in circumstances in support of departing from Form B22C for the purposes of calculating projected disposable income. The Court is not certain whether the Trustee has asserted additional objections to confirmation, and therefor will deny any additional objections that may have been asserted without prejudice.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**IT IS SO ORDERED.**

###

---

[12] *In re Hoss*, No. 08-10365 and *In re Arroyo*, No. 07-12779, slip op. at 17-18. (Bankr. D. Kan. Aug. 20, 2008).